UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

BRANDON JOHN MEADOWS                                                    PETITIONER
Reg. #54756-074

V.                          No. 2:22-CV-78-LPR-JTR

ERIC KESSEL, Acting Warden,
FCI-Forrest City                                                        RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### I.  Introduction

On May 12, 2022, Petitioner Brandon John Meadows ("Meadows") filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Doc. 1*. In his habeas Petition, Meadows contends that the Bureau of Prisons ("BOP") failed to apply his: (1) "entitled" pre-sentence credits; and (2) "earned" good conduct credits.

*Doc. 1 at 2.* Meadows alleges that he attempted to exhaust his administrative remedies by submitting a single grievance and asking BOP officials for help. *Id. at 10–11.* According to Meadows, his attempts were "ignored." *Id. at 12.*

Warden John P. Yates ("Yates") filed a Response on June 28, 2022, in which he argues that: (1) Meadows's credit claims lack merit; and (2) Meadows did not exhaust administrative remedies.[1] *Doc. 10 at 2–4, 5–7.*

On July 25, 2022, Meadows filed a Reply, which he captioned an "Objection to Response." *Doc. 12.* In this Reply, Meadows argues that he showed "exceptional circumstances" and requested an exemption from the exhaustion requirement. *Doc. 12 at 8–9.*

On May 2, 2023, Meadows filed a "Reply to Government's Motion to Deny Relief." *Doc. 15.* Based on the relief Meadows seeks in that pleading, it should have been captioned "Motion to Stay or Alternatively, Motion to Voluntarily Dismiss."[2]

---

[1] At some point after Meadows filed his Petition, Eric Kessel became the Acting Warden of FCI-Forrest City. Pursuant to Fed. R. Civ. P. 25(d), Kessel is automatically substituted as the proper Respondent in place of Yates.

[2] Meadows's habeas Petition also asserted an entirely conclusory allegation that he is entitled to be released from incarceration because he was denied his right to "equal protection of the laws." *Doc. 1 at 17.* If Meadows elects to refile this habeas action, after he has exhausted his administrative remedies, he must fully develop this so-called equal protection claim by stating the specific facts necessary to support a viable equal protection claim. He also must explain in detail how the alleged equal protection violation entitles him to be immediately released from incarceration.

In this Motion, Meadows initially requests the Court to stay this action until he obtains a decision from the BOP on his recent request for a *nunc pro tunc* designation.³ *Doc. 15 at 1*. Alternatively, Meadows moves to voluntarily dismiss this action, without prejudice, so he can exhaust his administrative remedies. *Id.*

For the reasons stated below, Meadows's Motion to Stay should be denied, and his Motion to Voluntarily Dismiss this action, without prejudice, should be granted.

## II. Discussion

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A stay may be proper if: "(1) the stay does not prejudice the non-movant; (2) the movant would suffer hardship and inequity without a stay; and (3) the stay serves the interests of judicial economy and efficiency." *Musticchi v. Wright Med. Tech., Inc.*, No. 4:19-CV-

---

³ A "*nunc pro tunc*" designation is the BOP's term for a request that time served in a state prison be applied toward a federal sentence. For all practical purposes this is a request that a federal sentence be designated to run concurrent with a state sentence. *Curry v. Outlaw*, No. 2:08-CV-00143-WRW-JTR, 2009 WL 2474631, at *3 n.4 (E.D. Ark. Aug. 12, 2009).

00607-KGB, 2020 WL 13111224, at *1 (E.D. Ark. July 2, 2020) (quoting *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007) (citation omitted)).

Given the current posture of this case, the relevant factors weigh heavily against granting the requested stay. Importantly, if the BOP denies Meadows's request for a *nunc pro tunc* designation, he can refile this habeas action, without suffering any hardship or inequity.[4] On the other hand, granting his request for a stay will allow this action to grow moss on the Court's docket—something that is *not* in the interest of judicial efficiency. Accordingly, the Court should deny Meadows's request for a stay.

Alternatively, Meadows requests that he be allowed to voluntarily dismiss this action so he can pursue the exhaustion of his administrative remedies on his claims. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, this request should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Meadows's Motion to Stay be DENIED.

2.  Meadows's Motion to Voluntarily Dismiss be GRANTED.

---

[4] Meadows admits that he has *not* exhausted administrative remedies. A federal inmate normally must exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974).

3. Meadows's Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED, *without prejudice*.

4. Judgment be entered accordingly.

DATED this 5th day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

5